## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM STEFVON HURT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-CV-005-JED-TLW** |
| | ) | |
| **JANET DOWLING, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus case. Petitioner is a state inmate and appears *pro se*. On February 7, 2017, Petitioner filed his petition (Doc. 4), along with a motion for stay and abeyance (Doc. 5). In response to the petition, Respondent filed a motion to dismiss petition as time barred (Doc. 10), along with a supporting brief (Doc. 11). Respondent also filed a response in opposition to Petitioner's motion for stay and abeyance (Doc. 12). Petitioner filed a response to the motion to dismiss (Doc. 13). For the reasons discussed below, Respondent's motion to dismiss shall be denied and Respondent shall file a response to the petition. Petitioner's motion for stay and abeyance shall be denied.

## *BACKGROUND*

The record reflects that, at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2010-1963, Petitioner William Stefvon Hurt was convicted of First Degree Murder. *See* Doc. 11-1. On November 14, 2011, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to life imprisonment. *Id.*

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed May 17, 2013, in Case No. F-2011-1057, the OCCA

affirmed the Judgments and Sentences of the trial court. *See* Doc. 11-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On May 24, 2013, Petitioner filed a *pro se* motion for suspended sentence (Doc. 11-2). That motion was denied by order filed June 18, 2013 (Doc. 11-3).

On June 12, 2013, Petitioner filed an application for post-conviction relief in the state district court (Doc. 11-4). By order filed August 6, 2013 (Doc. 11-5), the district court judge denied the requested relief. Petitioner did not file a post-conviction appeal.

On January 24, 2014, Petitioner filed a petition for writ of habeas corpus, using this Court's form. *See* Doc. 4 at 7. However, he filed the petition in Tulsa County District Court, the wrong court. The docket sheet for Tulsa County District Court, Case No. CF-2010-1963, shows that on January 24, 2014, a petition for writ of habeas corpus *ad prosequendum* was filed of record. *See* www.oscn.net. However, the docket sheet shows no action taken on the petition and no record of inquiry made by Petitioner. *Id.*

On January 4, 2017, Petitioner submitted for filing in this Court a motion for stay and abeyance (Doc. 1), requesting that his habeas action be stayed while he presented unexhausted claims to the state courts. Based on Petitioner's statements, the Clerk of Court opened this habeas corpus action. By Order filed January 5, 2017 (Doc. 2), the Court promptly denied Petitioner's motion for stay and abeyance, informed Petitioner that "this Court has no record of any case filed by Petitioner," and provided Petitioner the opportunity to file a habeas petition. Thereafter, on February 7, 2017, Petitioner filed the petition for writ of habeas corpus (Doc. 4) presently before the Court. Petitioner states that he "submits his original writ of habeas corpus to the Court for filing, with only the original claims." *Id.* at 5. In his petition, Petitioner claims that (1) the evidence was

insufficient to support his conviction of First Degree Murder; (2) the trial was infected with improper, irrelevant, and purely speculative expert opinion; (3) prosecutorial misconduct deprived Petitioner of a fair trial; and (4) he received ineffective assistance of counsel. *See id.* at 8-25.[1] With the exception of the date of Petitioner's signature, the petition filed in this Court on February 7, 2017 (*id.*), is identical to the petition filed on January 24, 2014, in Tulsa County District Court, Case No. CF-2010-1963. *See* www.oscn.net. On February 7, 2017, Petitioner also filed a second motion for stay and abeyance (Doc. 5), requesting that this action be stayed while he returns to state court to exhaust state remedies for additional claims.

In response to the petition, Respondent filed a motion to dismiss and supporting brief (Docs. 10, 11), arguing that the petition is time barred. In response to the motion to dismiss, Petitioner asserts that he is entitled to equitable tolling. *See* Doc. 13.

*ANALYSIS*

**A. Timeliness of petition**

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1]Citations to the petition reference the Court's CM/ECF pagination.

recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B),

(C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period. *See* § 2244(d)(2).

Petitioner's habeas claims challenge the validity of his conviction. *See* Doc. 4. Under 28

U.S.C. § 2244(d)(1)(A), the one-year limitations period began to run when Petitioner's conviction

became final. That date was August 15, 2013, after the OCCA entered its direct appeal ruling on

May 17, 2013, and the 90 day time period for filing a petition for writ of certiorari in the United

States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

Petitioner's one-year limitations clock began to run the next day, on August 16, 2013, and, absent

a tolling event, a federal petition for writ of habeas corpus filed after August 16, 2014, would be

untimely. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R.

Civ. P. 6(a) to calculate AEDPA deadline); *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir.

2011). Petitioner filed this habeas petition in this case on February 7, 2017, more than two (2) years

beyond the deadline. Absent statutory or equitable tolling, the petition is time-barred.

### 1. Statutory tolling

The limitations period was tolled, or suspended, during the pendency of a "properly filed"

post-conviction proceeding. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th

Cir. 1998). Petitioner filed both his *pro se* motion for suspended sentence and his application for post-conviction relief before his conviction became final on August 15, 2013. After the state district court denied the application for post-conviction relief on August 5, 2013, Petitioner failed to commence a post-conviction appeal. However, Petitioner is entitled to tolling for the thirty (30) day time period allowed for commencement of a post-conviction appeal. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner's deadline for filing a post-conviction appeal was September 4, 2013. That date was twenty (20) days after Petitioner's conviction became final on August 15, 2013. Thus, Petitioner is entitled to twenty (20) days of statutory tolling. With statutory tolling, Petitioner's new deadline for filing his federal habeas petition was September 5, 2014. Unless Petitioner demonstrates entitlement to equitable tolling, his habeas petition, filed February 7, 2017, is time barred.

### 2. Equitable tolling

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see also Gibson*, 232 F.3d at 808. However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." *Id.* (citation omitted).

Petitioner argues that he is entitled to equitable tolling because he attempted to file a timely habeas petition as demonstrated by his January 24, 2014, filing in Tulsa County District Court, Case No. CF-2010-1963. On that date, Petitioner filed a petition for writ of habeas corpus, well in advance of the one-year limitations deadline, in state court. Petitioner prepared the petition on this Court's form and captioned the petition "In the United States District Court for the Northern District of Oklahoma." However, Petitioner placed his Tulsa County District Court case number on the face of the petition. *See* Doc. 5 at 3. As stated above, the petition was filed in state court as a petition for writ of habeas corpus *ad prosequendum*. No action has been taken on the habeas petition by the state court. *See* www.oscn.net.

The Court finds that Petitioner is entitled to equitable tolling for the filing of a defective pleading during the statutory period. In *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052 (10th Cir. 2006), the Tenth Circuit Court of Appeals addressed whether equitable tolling was available based on an earlier filing in an improper forum. *Id.* at 1058-61. The appeals court acknowledged that equitable tolling is available when "the claimant has actively pursued his judicial remedies by filing a *defective pleading* during the statutory period." *Id.* at 1058 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 and n.3 (1990) (emphasis added by the Tenth Circuit Court of Appeals)); *see also Herb v. Pitcairn*, 325 U.S. 77 (1945) (equitable tolling allowed when a federal suit was mistakenly filed in city court); *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424 (1965) (excusing a late filing in federal court when counsel had mistakenly filed the claim in state court); *Johnson v. Franklin*, No. CIV-06-0195-HE, 2006 WL 3350741, *2 (W.D. Okla. Nov. 17, 2006) (unpublished)[2]

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

(applying holding of *Turgeau* to find entitlement to equitable tolling where habeas corpus petition was filed timely, but in state court). Thus, the Tenth Circuit concluded that equitable tolling was appropriate because the petitioner had initially filed the claim in the wrong court. *Turgeau*, 446 F.3d at 1061.

Petitioner's request for equitable tolling is controlled by *Turgeau*. Like the petition in *Turgeau*, the federal habeas petition was timely filed, but in the wrong court. Petitioner did not "sleep on his federal rights," but apparently intended to press his federal claims in a timely fashion. *See Burger v. Scott*, 317 F.3d 1133, 1143 (10th Cir. 2003). Therefore, the Court finds that Petitioner is entitled to equitable tolling and that the petition is timely. Respondent's motion to dismiss shall be denied. Within thirty (30) days of the entry of this order, Respondent shall file a response to the petition (Doc. 4). Petitioner may file a reply to Respondent's response within thirty (30) days of the filing of Respondent's response.

## B. Motion for stay and abeyance

In his motion for stay and abeyance, Petitioner states that "[a]lthough the issues raised in habeas have been exhausted by the highest state court, Petitioner has multiple material and relevant issues not yet raised that will establish that Petitioner's constitutional rights were violated during his legal proceedings." *See* Doc. 5 at 2. A motion to stay should be granted where (1) Petitioner shows "good cause for his failure to exhaust," (2) the "unexhausted claims are potentially meritorious," and (3) "there is no indication that he engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only

appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

Here, the Court finds Petitioner has failed to show either good cause for his failure to exhaust or that his unexhausted proposed claims are potentially meritorious. In his motion, Petitioner states that, while incarcerated in a maximum housing unit, he "had absolutely no access to a law library or assistance from a properly trained law clerk" and was unaware of the proper procedures for seeking post-conviction relief. *See* Doc. 5 at 1. Now that he has been transferred to a different facility, Petitioner claims that "the clerks at the law library informed Petitioner of the correct procedures for post conviction." *Id.* at 2. However, neither Petitioner's *pro se* status nor his ignorance of the law is sufficient to demonstrate "good cause" for his failure to exhaust state remedies for his additional claims prior to seeking federal habeas corpus relief. *See Doyle v. Abbott*, 330 F. App'x 703, 708 (10th Cir. 2009) (unpublished) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994)); *Abeyta v. Estep*, 198 F. App'x 724, 727 (10th Cir. 2006) (unpublished); *Hurd v. Dinwiddie*, No. CIV-09-227-W, 2009 WL 2136616, at *5 (W.D. Okla. July 16, 2009) (unpublished) ("[A] rule that layman status in and of itself constitutes good cause for failure to exhaust would render the exhaustion requirement practically meaningless.").

Furthermore, Petitioner fails to identify the additional unexhausted claims he intends to raise. As a result, the Court is unable to evaluate the potential merit of the unexhausted proposed claims. Petitioner's allegations are conclusory and thus too vague to state colorable grounds for habeas relief.

For the reasons stated above, the Court finds Petitioner has failed to show good cause for his failure to exhaust and that his unexhausted proposed claims are potentially meritorious. The motion for stay and abeyance shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 10) is **denied**.

2.  Within thirty (30) days of the entry of this Order, Respondent shall file a response to the petition (Doc. 4). *Extensions of time will be granted for good cause only*.

3.  Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to the petition.

4.  Petitioner's motion for stay and abeyance (Doc. 5) is **denied**.

ORDERED THIS 27th day of June, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE